UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAZ GRUBER,<br><br>    Plaintiff,<br><br>  v.<br><br>SABERT CORPORATION,<br><br>    Defendant. | Civil Action No. 21-13312 (MAS) (RLS)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**RUKHSANAH L. SINGH, United States Magistrate Judge.**

  **PRESENTLY** before the Court is a Motion by Plaintiff Thomaz Gruber ("Plaintiff") for Reconsideration, (Doc. Nos. 99-100) ("Motion for Reconsideration"), of the Court's March 27, 2024 Memorandum Opinion and Order, (Doc. No. 67) ("March 27, 2024 Order"), which granted an adverse inference sanction against Plaintiff for spoliation of certain evidence. Also before the Court is Defendant Sabert Corporation's ("Defendant") Cross-Motion for additional Discovery Sanctions ("Motion for Sanctions"). (Doc. Nos. 103-04). Both parties oppose each other's motions and have submitted replies in support of their respective positions. (Doc. Nos. 103-06). The Court has fully considered the parties' written submissions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below and for good cause shown, the Court **DENIES** Plaintiff's Motion for Reconsideration and **GRANTS** Defendant's Motion for Sanctions.

1

I.      **BACKGROUND**

As the parties are familiar with the background and procedural history of this case, the Court recites only those facts relevant to the present Motions.[1] This declaratory judgment action arises out of Plaintiff's claim for future bonus payments allegedly owed to him pursuant to a Transaction Bonus Agreement ("TBA") executed during his employment with Defendant. (*See generally* Doc. No. 1; Doc. No. 103-2, Ex. A). Defendant terminated Plaintiff's employment in May 2021, citing alleged poor performance. Following his termination, Plaintiff, through counsel, asserted that he remained entitled to future "cashouts" under the TBA, which Defendant disputed on the ground that Plaintiff's termination for cause foreclosed any further bonus payments. (Doc. No. 104-1, Ex. R; 104-2, Ex. S). After the parties failed to resolve the disagreement informally, Plaintiff filed this action, seeking a determination of his rights under the TBA. (*See generally* Doc. No. 1).

Thereafter, the parties engaged in discovery, during which Plaintiff testified that, during his employment, he would document certain work-related matters by writing in notebooks. (Doc. No. 103-3, Ex. B at 42:3-43:1). Plaintiff initially testified that he recycled the notebooks immediately after his termination, but later clarified that he burned the notebooks in the weeks after his termination. (*See* Doc. No. 103-3, Ex. B at 43:2-14). Plaintiff claimed that he was "pretty confident" he would sue Defendant at that time. (*See* Doc. No. 103-3, Ex. B 44:14-22). Plaintiff testified that he burned the notebooks—despite feeling confidently that he would sue Defendant— because he believed that a confidentiality agreement he executed with Defendant required him to do so. (Doc. No. 103-3, Ex. B at 44:14-22). To the contrary, during his employment with

---

[1] The Court hereby incorporates, in pertinent part, the Background section of its March 27, 2024 Order. (Doc. No. 67).

Defendant, Plaintiff executed a Non-Solicitation, Confidentiality and Inventions Agreement, which required him to preserve and return all relevant work materials upon his termination, including any meeting notes and personal records relating to Defendant's business. (*See* Doc. No. 103-4, Ex. C § 2(a)). Upon learning of the existence of the notebooks and their subsequent destruction, Defendant served a second request for production which demanded, *inter alia,* any of Plaintiff's notebooks related to his employment with Defendant that remained in existence. (Doc. No. 104-3, Ex. T). In response to that request, Plaintiff stated that he "does not possess any notebooks that relate to his employment, activities or projects at Sabert, nor has he possessed any such notebooks since incinerating the ones he did possess shortly after his termination." (Doc. No. 104-3, Ex. T). Shortly thereafter, Defendant moved for discovery sanctions for spoliation of evidence. (Doc. Nos. 51-52).

On March 27, 2024, the Court granted Defendant's motion in part, finding that Plaintiff had spoliated evidence by destroying the notebooks that likely contained relevant evidence concerning his job performance and the TBA. (Doc. No. 67). The Court imposed an adverse inference sanction, instructing the jury to consider the destruction of the notebooks in evaluating the issues at trial. (Doc. No. 67). The Court also found that Plaintiff acted intentionally and prejudiced Defendant by depriving it of potentially critical evidence. (Doc. No. 67).

About one month later, on April 28, 2024, Plaintiff located three notebooks containing handwritten notes related to his employment while searching for another document. (Doc. No. 74; Doc. No. 104-4, Ex. U at 75:4-16). These notebooks contained entries dated January 13, 2020 to August 24, 2020. (Doc. No. 104-4, Ex. U at 22:9-26:20). On April 30, 2024, Plaintiff informed the Court of this discovery and produced the notebooks to Defendant. (Doc. No. 74; Doc. No. 99-

3

1 at p. 5). Three pages are missing from the notebooks. (*See* Doc. No. 104-5, Ex. V; Doc. No. 104-6, Ex. W; Doc. No. 104-7, Ex. X).

Following a telephone conference with the parties, the Court entered a Text Order on May 29, 2024, permitting discovery limited to the issue of the recently produced notebooks. (ECF No. 81). On July 22, 2024, Defendant conducted a second deposition of Plaintiff regarding the notebooks' storage and discovery. (Doc. No. 99-1 at p. 6; Doc. No. 104-4, Ex. U). Plaintiff testified that he lived in New Hope, Pennsylvania at the time he was terminated. (Doc. No. 104-4, Ex. U at 37:15-38:5; 39:23-40:3). Plaintiff kept his notebooks related to his employment with Defendant in a pile on a bookshelf in his home office at that property. (Doc. No. 104-4, Ex. U at 47:1-13). According to Plaintiff, most of the notebooks were kept in a pile on that bookshelf, while the three notebooks he did not burn were kept in a translucent, plastic container with a lid. (Doc. No. 104-4, Ex. U at 52:18-53:4). Plaintiff also stored important personal documents in that container.[2] (Doc. No. 104-4, Ex. U at 76:16-22). Plaintiff testified that he did not burn the three notebooks that are the subject of this motion because he believed that all his notebooks were in the pile on the bookshelf. (Doc. No. 104-4, Ex. U at 50:2-18).

In September of 2022, Plaintiff sold his home and moved his personal belongings to Wisconsin, keeping most of those belongings in a storage unit. (Doc. No. 104-4, Ex. U at 54:18-55:13). Plaintiff believes that the three notebooks were kept in that facility for some time. (Doc. No. 104-4, Ex. U at 60:2-6). Plaintiff testified that at some point in May of 2023, he moved those belongings to a different storage facility named "Extra Space Storage." (Doc. No. 104-4, Ex. U at

---

[2] Plaintiff has not explained why the three notebooks—which contain Plaintiff's handwritten notes during a period extremely relevant to this action—were kept in a separate container alongside important personal documents. Plaintiff has also not explained why certain pages are missing from those notebooks. The Court is left to wonder why Plaintiff treated these three notebooks differently than the other notebooks kept in a pile on his bookshelf.

4

62:2-21). Eventually, Plaintiff moved the plastic container holding the three notebooks to the basement of his apartment, though he does not recall opening the container or knowing specifically what it contained. (Doc. No. 104-4, Ex. U at 69:7-72:14). Plaintiff testified that he discovered the container in the basement of his apartment while looking for another document. (Doc. No. 104-4, Ex. U at 75:4-16).

On July 31, 2024, the Court directed the parties to confer regarding mediation. (ECF No. 87). On August 9, 2024, the Court referred the case to mediation and administratively closed the matter pending the outcome of the mediation process. (ECF Nos. 89, 93). After mediation proved unsuccessful, the Court reopened the matter on November 15, 2024. (ECF No. 94).

On December 13, 2024, Plaintiff filed the instant Motion for Reconsideration of the Court's March 27, 2024 Order, arguing that the three recovered notebooks constitute newly discovered evidence that was not previously available. (Doc. No. 99). Plaintiff asks the Court to amend its March 27, 2024 Order to exclude the recovered notebooks from the scope of the spoliation sanctions. (Doc. No. 99-1 at pp. 1-2). Defendant opposes reconsideration as untimely and without adequate basis; it also cross-moves for additional sanctions, including preclusion of the notebooks and an award of attorney's fees. (Doc. No. 103 at pp. 17-19). Defendant argues that the notebooks were always in Plaintiff's possession and should have been disclosed earlier with reasonable diligence. (Doc. No. 103 at pp. 17-19).

## II. LEGAL STANDARD

### A. MOTION FOR RECONSIDERATION

A party may bring a motion for reconsideration if that party believes the Court overlooked an issue and there is a need "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Cafe*

*v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *see also* L. Civ. R. 7.1(i); *in re Martin & Harris Priv. Ltd.*, No. 20-17070, 2022 WL 3040948, at *3 (D.N.J. Aug. 2, 2022). To seek reconsideration, the movant must show either: (1) an intervening change in law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Cafe*, 176 F.3d at 677; *in re Vehicle Carrier Ser. Antitrust Litig.*, No. 13-3306, 2016 WL 1628879, at *2 (D.N.J. Apr. 25, 2016).

Reconsideration is an "extraordinary remedy to be granted 'very sparingly.'" *In re Lord Abbett Mut. Funds Fee Litig.*, 417 F. Supp. 2d 624, 627 (D.N.J. 2005) (quoting *Yurecko v. Port Auth. Trans-Hudson Corp.*, 279 F. Supp. 2d 606, 608 (D.N.J. 2003)); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (recognizing that, although a court may revisit prior decisions, it "should be loathe to do so in the absence of extraordinary circumstances"). As such, reconsideration is not warranted if a party asks the Court to review the same facts and case law already considered or if a party seeks to introduce new evidence it could have previously brought to the Court's attention. *See Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010); *Tehan v. Disability Mgmt. Servs., Inc.*, 111 F. Supp. 2d 542, 549 (D.N.J. 2000). The decision to grant a motion for reconsideration lies within the Court's sound discretion. *Iacono v. Mauger*, No. 08-1197, 2008 WL 2945973, at *1 (D.N.J. July 29, 2008).

  **B.**   **MOTION FOR DISCOVERY SANCTIONS**

Spoliation occurs with "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Mosaid Techs. Inc. v. Samsung Elecs. Co.*, 348 F. Supp. 2d 332, 335 (D.N.J. 2004) (internal quotation omitted). Spoliation is not limited to destruction of evidence. "Indeed, a party's failure to produce a document can have the same practical effect as destroying it and . . . under certain

circumstances, nonproduction of evidence is rightfully characterized as spoliation." *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 (3d Cir. 2012).

Courts find spoliation where "the evidence was in the party's control; the evidence is relevant to the claims or defenses in the case; there has been actual suppression or withholding of evidence; and, the duty to preserve the evidence was reasonably foreseeable to the party." *Id.* After finding that spoliation has occurred, the Court must determine the appropriate remedy. *See Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 519 (D.N.J. 2008). In fashioning the appropriate remedy, the Court considers: "(1) degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will deter such conduct by others in the future." *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d. Cir. 1994).

### III. DISCUSSION

#### A. MOTION FOR RECONSIDERATION

The Court first considers whether reconsideration is warranted.[3] Plaintiff primarily contends that the three notebooks are "new evidence" justifying reconsideration. New evidence in the context of reconsideration "means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Dentsply*, 602 F.3d at 252. It "does not refer to evidence that a party obtains or submits to the court after an adverse ruling." *Id.* Evidence that was or could have been submitted to the Court earlier does not constitute newly discovered

---

[3] Defendant contends that Plaintiff's Motion for Reconsideration is untimely under Local Civil Rule 7.1(i) because it was filed more than 14 days after the entry of the Court's March 27, 2024 Order. Considering the procedural history, the importance of the issues presented, and the preference to address matters on their merits, the Court declines to find the Motion for Reconsideration untimely.

7

evidence. *See, e.g. id.* (finding that evidence which was available to the plaintiff at the time the initial motion was filed is not newly discovered evidence); *Santos v. Carrington Mortg. Servs., LLC*, No. 15-864, 2015 WL 7300500, at *3 (D.N.J. Nov. 18, 2015) (finding that an article published more than six months before the plaintiff filed his complaint is not new evidence); *Sync Labs LLC v. Fusion Mfg.*, No. 11-3671, 2014 WL 37124, at *3 (D.N.J. Jan. 6, 2014) (finding that documents available to the plaintiff at the time it submitted its summary judgment motion did not constitute newly discovered evidence).

Here, the Court finds that the three notebooks Plaintiff recovered in April 2024—previously believed to have been destroyed—do not constitute newly discovered evidence warranting reconsideration. Plaintiff confirmed during his deposition that he possessed the three notebooks at all times during this litigation. (Doc. No. 104-4, Ex. U at 52:18-53:4; 69:7-72:14). That Plaintiff was unaware of the notebooks' location is irrelevant to this Motion. Plaintiff possessed the notebooks and could have produced them earlier had he conducted a diligent search to locate relevant documents. Plaintiff's failure to locate the documents does not transform documents that were in his possession into newly discovered evidence. Because Plaintiff has neither presented newly discovered evidence nor articulated any alleged manifest errors of law, there is no basis for the Court to reconsider its prior order.

Even if the Court were to reconsider its March 27, 2024 Order, the result would not differ because the notebooks are incomplete and were produced after the close of discovery. First, the notebooks are missing three pages. (Doc. No. 104-5, Ex. V; 104-6, Ex. W; 104-7, Ex. X). Plaintiff failed to provide any explanation for those missing pages. Even though Plaintiff has produced these three notebooks, his failure to properly preserve them for this litigation is itself spoliation. *See Mosaid*, 348 F. Supp. 2d at 335.

Second, Plaintiff's failure to produce the notebooks prior to the close of fact discovery also constitutes spoliation. The failure to produce documents may be considered spoliation when that failure to produce has the same practical effect as destroying the document. *Bull*, 665 F.3d at 73. Plaintiff did not produce the three notebooks to Defendant until April 30, 2024, well after the close of fact discovery in this matter. (*See* Doc. No. 74). Plaintiff's failure to produce these documents in a timely matter deprived Defendant of the opportunity to conduct further discovery and develop its case with the benefit of those notebooks.

It appears that Plaintiff failed to conduct a reasonably diligent search for responsive documents in violation of Federal Rule of Civil Procedure 26(g). *See* Fed. R. Civ. P. 26(g)(1) (requiring a party or his counsel to sign responses to discovery requests as certification that the responses are correct following "a reasonable inquiry"). "Rule 26(g) requires all [parties] to engage in pretrial discovery in a responsible manner consistent with the spirit and purposes of liberal discovery." *Younes v. 7-Eleven, Inc.*, 312 F.R.D. 692, 703 (D.N.J. 2015). The Rule "requires that a reasonable inquiry be made into the factual basis of a discovery response and that responses to discovery be complete and correct when made." *Id.* at 706. "Parties cannot be permitted to jeopardize the integrity of the discovery process by engaging in halfhearted and ineffective efforts to identify and produce relevant [discovery]." *Id.* at 706-07 (quoting *Bratka v. Anheuser-Busch Co.*, 164 F.R.D. 448, 463 (S.D. Ohio 1995)). Rule 26(g) imposes mandatory sanctions for violation: "If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose sanctions on the signer, the party on whose behalf the signer was acting, or both."

Furthermore, Federal Rule of Civil Procedure 37 authorizes the Court to suppress evidence and award attorney's fees if a party fails to provide information as required by Rule 26(a) or (e).

9

Fed. R. Civ. P. 37(c)(1).  Rule 26(e) imposes a duty on litigants to supplement incorrect or incomplete information.  It does not, however, "'bestow upon litigants unfettered freedom to rely on supplements produced after a court-imposed deadline.'"  *Faiella v. Sunbelt Rentals, Inc.*, 341 F.R.D. 553, 563 (D.N.J. 2022) (quoting *DAG Enters., Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 110 (D.D.C. 2005)).  Rules 26(e) and (g) required Plaintiff to conduct a diligent search for and produce these notebooks, especially considering Defendant's supplemental request for production of Plaintiff's notebooks relating to his employment.  Plaintiff's violation of these Rules weighs heavily against reconsideration of the Court's March 27, 2024 Order and warrant further sanctions, as discussed below.

Plaintiff's failure to comply with Rule 26 of the Federal Rules of Civil Procedure caused Defendant to suffer significant prejudice.  While the three recovered notebooks do not contain explicit references to the TBA, they were created during the same general timeframe of Plaintiff's employment and Defendant's implementation of the TBA.  (*See* Doc. No. 104-5, Ex. V; Doc. No. 104-6, Ex. W; Doc. No. 104-7, Ex. X).  Moreover, there is no way for the Court to determine whether the missing pages contained any references to the TBA.  This timing overlap further supports the Court's earlier conclusion that the destroyed notebooks likely contained relevant information.  *See Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir. 1995) (noting that a court may infer that a party has destroyed or withheld evidence "out of the well-founded fear that the contents would harm him").

Plaintiff argues that any prejudice was mitigated by Defendant's opportunity to conduct additional discovery, including a second deposition of Plaintiff. (Doc. No. 99-1 at pp. 7-8).  While these efforts may have lessened some of the prejudice, they do not fully remedy the prejudice caused by Plaintiff's earlier misrepresentations concerning the destruction of all such notebooks.

10

Plaintiff's spoliation denied Defendant the opportunity to complete discovery with the benefit of the notebooks or the missing pages. Because Defendant remains unable to review the full evidentiary record, the Court concludes that the adverse inference sanction—including as to the notebooks discovered in April 2024—continues to be both necessary and proportionate to address the resulting prejudice. *See Mosaid*, 348 F. Supp. 2d at 335 ("Spoliation sanctions serve a remedial function by leveling the playing field or restoring the prejudiced party to the position it would have been without spoliation."). Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration.

### B. CROSS-MOTION FOR SANCTIONS

The Court next considers Defendant's cross-motion for discovery sanctions in the form of an order precluding Plaintiff from introducing the notebooks into evidence and directing Plaintiff to pay Defendant's attorney's fees associated with the late production of the three notebooks. In support of its motion, Defendant contends that Plaintiff violated Federal Rules of Civil Procedure 26, 34, and 37. (Doc. No. 103 at p. 3). The Court agrees and finds that further sanctions are warranted because Plaintiff failed to conduct a reasonably diligent search, failed to timely produce the notebooks, and, when he produced some, two of them were missing pages without explanation.

As explained above, the Court finds Plaintiff spoliated the three notebooks both by failing to produce the notebooks prior to the close of discovery and by producing them with several pages missing. The Court further finds that Plaintiff violated Federal Rules of Civil Procedure 26(e) and 26(g) by failing to conduct a reasonably diligent search for the three notebooks. The Court must now decide the appropriate remedy for those violations.

Potential sanctions for spoliating evidence include "dismissal of a claim or granting judgment in favor of a prejudiced party; suppression of evidence; an adverse inference, referred to

11

as the spoliation inference; fines; and attorneys' fees and costs." *Mosaid*, 348 F. Supp. 2d at 335. Further, Rule 37 empowers the Court to suppress evidence and award attorney's fees for the failure to produce evidence in accordance with Rule 26(e). Fed. R. Civ. P. 37(c)(1). In fashioning an appropriate sanction, the court considers the degree of fault of the party who spoliated evidence, "the degree of prejudice suffered by the opposing party, [and] whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future." *Schmid*, 13 F.3d at 79.

Turning first to the degree of fault, Plaintiff spoliated evidence by failing to properly preserve the notebooks and by failing to conduct a reasonably diligent search for documents responsive to Defendant's requests. Pursuant to Rule 26(g), Plaintiff was under an obligation to conduct a reasonably diligent search for documents. *See Younes*, 312 F.R.D. at 706. In response to a discovery request specifically for notebooks related to Plaintiff's employment, Plaintiff's counsel relayed to Defendant's counsel that Plaintiff did not possess any notebooks relating to his work while employed with Defendant. (Doc. No. 104-3, Ex. T). Plaintiff apparently made that representation without conducting a reasonably diligent search for any such notebooks. Plaintiff's conduct therefore weighs in favor of sanctions.[4]

As to the second factor, Defendant has undoubtedly been prejudiced by the late production of the incomplete notebooks. In certain circumstances, the failure to produce documents is tantamount to destroying them. *Bull*, 665 F.3d at 73. Here, Plaintiff failed to produce the three

---

[4] It is important to note that the fault lies with Plaintiff and not his counsel. As his deposition testimony made clear, the three notebooks were kept on Plaintiff's property and in his personal storage unit. (Doc. No. 104-4, Ex. U 52:18-53:4; 60:2-6; 69:7-72:14). Plaintiff's counsel had no way of knowing about the existence of the spoliated notebooks until his client informed him of same. Immediately thereafter, Plaintiff's counsel took appropriate action to notify the Court and his adversary of the notebooks. The degree of fault for the spoliation, and the sanctions flowing therefrom, are attributable solely to Plaintiff himself and not his counsel.

notebooks until well after the close of fact discovery. That delay in production unduly prejudiced Defendant by depriving it of the opportunity to conduct discovery and determine its litigation strategy with the benefit of seeing the notebooks or even knowing they existed. In fact, Defendant was led to believe that the notebooks had existed at some prior point in time but were all burned, when some were in fact preserved. (*See* Doc. No. 103-3, Ex. B. at 43:2-14). Moreover, even if the notebooks had been produced in a timely fashion, the current state of the notebooks would also warrant sanctions. Plaintiff failed to properly preserve the notebooks, which now have pages missing from them. (*See* Doc. No. 104-5, Ex. V; Doc. No. 104-6, Ex. W; Doc. No. 104-7, Ex. X). Those missing pages cast serious doubt on the reliability of these notebooks, especially given that Plaintiff spoliated the other notebooks by burning them. The undue prejudice Defendant suffered therefore weighs in favor of imposing sanctions.

Finally, the Court must consider whether a lesser sanction than dismissal is appropriate to avoid substantial unfairness and deter such conduct in the future. *See Schmid*, 13 F.3d at 79. Here, while Plaintiff's discovery abuses are serious and worthy of sanctions, the prejudice suffered by Defendant can be remediated through suppression of the three notebooks and the adverse inference sanction imposed in the Court's March 27, 2024 Order. Plaintiff's failures as discussed above left Defendant without a fair opportunity to evaluate these notebooks and incorporate them into its case until after the close of all fact discovery. While dismissal of Plaintiff's claim is not necessary, the notebooks must be suppressed to remedy the prejudice to Defendant.

The Court may also award attorney's fees associated with Plaintiff's failure to disclose the existence of the notebooks. *See* Fed. R. Civ. P. 37(c)(1); *Kounelis*, 529 F. Supp. 2d at 521. "[M]onetary sanctions are used to compensate a party for 'the time and effort it was forced to expend in an effort to obtain discovery' to which it was entitled." *Kounelis*, 529 F. Supp. 2d at

521 (quoting *Mosaid*, 348 F. Supp. 2d at 339). Plaintiff's spoliation of these three notebooks has caused Defendant to incur additional legal fees opposing Plaintiff's Motion for Reconsideration and filing its own Motion for Sanctions. This motion practice would have been unnecessary but for Plaintiff's failure to produce complete and accurate copies of the notebooks in response to discovery demands. Accordingly, Defendant is entitled to an award of reasonable attorney's fees incurred opposing Plaintiff's Motion for Reconsideration and filing its own Motion for Sanctions. Considering the nature of the facts and circumstances, the Court finds the party, Plaintiff, and not his attorney shall be responsible for such payment, subject to an application by Defendant for the Court's review. *See* Fed. R. Civ. P. 37(a)(5)(A).

### IV.    CONCLUSION

For the foregoing reasons, and for other good cause shown, the Court declines to reconsider its March 27, 2024 Order, holds that Plaintiff is precluded from introducing these three notebooks into evidence at trial, and holds that Defendant is entitled to an award of attorney's fees. Accordingly, having considered the parties' submissions, and for the reasons set forth herein and for other good cause shown,

**IT IS, THEREFORE**, on this **20th** day of **June 2025**,

**ORDERED** that Plaintiff's Motion for Reconsideration (Doc. No. 99) is hereby **DENIED**; and it is further

**ORDERED** that Defendant's Motion for Sanctions (Doc. No. 103) is hereby **GRANTED**; and it is further

**ORDERED** that Plaintiff is precluded from introducing the three notebooks into evidence; and it is further

**ORDERED** that that **by no later than July 3, 2025**, Defendant shall file an application and proposed order for the award of reasonable fees and costs consisting of the amounts identified

in the foregoing Opinion. The application shall include an attorney declaration setting forth the fees and costs to which they are entitled, calculating the total award, and attaching supporting documentation, including appropriately redacted time sheets; and it is further

**ORDERED** that **by no later than July 14, 2025**, Plaintiff may submit a response, if any, concerning the reasonableness of the amount sought, without rearguing any of the matters presented to the Court on this motion; and it is further

**ORDERED** that the Clerk of the Court is hereby directed to **TERMINATE** the Motions pending at Docket Entry Numbers 99 and 103.

**SO ORDERED**.

/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**