## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| THOMAZ GRUBER,<br><br>Plaintiff,<br><br>v.<br><br>SABERT CORPORATION,<br><br>Defendant. | Civ. Action No. 21-13312 (MAS) (RLS)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**SINGH, United States Magistrate Judge**.

**PRESENTLY** before the Court is an application for attorney's fees submitted by Defendant Sabert Corporation ("Defendant") (the "Application"). (Doc. No. 108). Plaintiff Thomaz Gruber ("Plaintiff") opposes the Application, (Doc. No. 109), to which Defendant replied, (Doc. No. 112). The Court has fully considered the Application without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1. For the reasons set forth below, and for good cause shown, the Court **GRANTS IN PART** and **DENIES IN PART** the Application.

## I.    RELEVANT BACKGROUND AND PROCEDURAL HISTORY

As the parties are familiar with the background and procedural history of this case, the Court recites only those facts relevant to the present Application.[1]  On March 27, 2024, the Court sanctioned Plaintiff for spoliation of evidence relating to his destruction of notebooks relevant to this matter.  (*See generally* Doc. No. 67).  Specifically, the Court imposed an adverse inference sanction, which would instruct the jury to consider the destruction of the notebooks in evaluating the issues at trial.  (Doc. No. 67).  About one month later, on April 30, 2024, Plaintiff's counsel informed the Court that Plaintiff located three of the notebooks that he had previously testified to as having been destroyed.  (Doc. No. 107 at p. 3).  After the Court permitted limited discovery regarding the recently disclosed notebooks, Plaintiff moved for reconsideration of the March 27, 2024 Opinion by way of informal letter to the Court.  (Doc. No. 90).  Defendant opposed the letter request in part because it was not filed as a formal motion.  (Doc. No. 92 at p. 2).  In response to those letters, the Court directed the parties to meet and confer regarding a briefing schedule for formal motion practice.  (ECF No. 94).

Plaintiff filed a formal motion for reconsideration on December 13, 2024.  (Doc. No. 99).  Defendant opposed the motion and cross-moved for additional sanctions in the form of preclusion of the newly discovered notebooks and an award of attorney's

---

[1]  The Court hereby incorporates, in pertinent part, the Background sections of its March 27, 2024 and June 20, 2025 Opinions.  (Doc. Nos. 67 and 107).

fees.  (Doc. No. 103).  Plaintiff replied in support of his motion and opposed the cross-motion, (Doc. No. 105), and Defendant replied in further support of its cross-motion. (Doc. No. 106).

Through a Memorandum Opinion and Order dated June 20, 2025, the Court declined reconsideration.  (Doc. No. 107).  It found, in part, that the three notebooks were not new evidence previously unavailable because Plaintiff maintained them within his possession throughout the litigation.  (Doc. No. 107 at p. 8).  The Court also granted Defendant's cross-motion for additional sanctions, finding that Plaintiff failed to comply with Rules 26(e) and 26(g) of the Federal Rules of Civil Procedure by not conducting a reasonably diligent search for the notebooks, two of which were produced inexplicably with missing pages.  (Doc. No. 107 at p. 11).  Accordingly, the Court concluded that the suppression of the three notebooks was the appropriate remedy. (*See* Doc. No. 107 at p. 13).  The Court further awarded Defendant "reasonable attorney's fees incurred opposing Plaintiff's Motion for Reconsideration and filing its own Motion for Sanctions."  (Doc. No. 107 at p. 14).

On July 3, 2025, Defendant filed its application for attorneys' fees in the amount of $121,186.00.  (Doc. No. 108).  In an accompanying declaration, Defendant's counsel avers as to the individuals who worked on the Motion for Reconsideration and Cross-Motion for Sanctions, their years of experience, their respective billing rates, and hours worked.  (*See generally* Doc. No. 108-1).  Counsel also annexes to his declaration redacted

3

invoices sent to Defendant, reflecting the nature and hours of work performed by each timekeeper. (*See generally* Doc. No. 108-2, Exhibit A).

Plaintiff opposes the Application, arguing that the sum demanded is "unconscionable" because the billing rates are unreasonable and disproportionate to billing rates in the relevant legal community and the time spent on certain tasks was excessive and duplicative. (Doc. No. 109 at p. 1). Plaintiff also points out that Defendant's Application did not affirmatively state that Defendant actually paid the sought-after sums. (Doc. No. 109 at p. 1).

In reply, Defendant contends that: the additional motion practice was necessary solely due to Plaintiff's conduct, its counsel's billing rates are reasonable, and the time spent on the Motion for Reconsideration and Cross-Motion for Sanctions was reasonable given the complexity of the motions and the results obtained. (*See generally* Doc. No. 112). In its reply letter, Defendant's counsel also states that the sought-after hourly rates were those that his firm "charged" Defendant, "the firm has had no special arrangement with [Defendant] regarding the hourly billing rates to be charged," and Defendant "has been obligated to pay in full all amounts invoiced by the firm." (Doc. No. 112 at p. 3).

## II.    LEGAL STANDARD

The party seeking an award of attorney's fees bears the burden of demonstrating that its request is reasonable. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005). To determine whether the amount requested is reasonable,

Courts begin with the lodestar, "which courts determine by calculating the 'number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *McKenna v. City of Phila.*, 582 F.3d 447, 455 (3d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "To meet its burden, the fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'" *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (quoting *Hensley*, 461 U.S. at 433). The opposing party may then challenge the reasonableness of the sum demanded, "by affidavit or brief with sufficient specificity to give fee applicants notice." *Id.* Courts possess "substantial discretion to determine what constitutes reasonable attorneys' fees." *United States ex rel. Palmer v. C&D Techs., Inc.*, 897 F.3d 128, 137 (3d Cir. 2018).

## III.    DISCUSSION

Here, Plaintiff challenges the Application by contending that the hourly rates and certain time entries are not reasonable. The Court addresses both categories in turn.

### A.    HOURLY RATES

First, Plaintiff argues that Defendant's hourly rates are not reasonable. A party seeking fees bears "'the burden of establishing by way of satisfactory evidence, in addition to [their] own affidavits, . . . that the requested hourly rates'" are "reasonable in light of the prevailing rates 'in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Clemens v. New York Cent. Mut. Fire Ins. Co.*, 903 F.3d 396, 402 (3d Cir. 2018) (quoting *Maldonado v. Houston*, 256 F.3d 181, 184 (3d Cir. 2001)). While the attorney's usual billing rate is a helpful starting

point for the analysis, that rate is not dispositive. *Yang v. Vill. Supermarkets, Inc.*, No. 18-10486, 2025 WL 2315582, at *4 (D.N.J. Aug. 12, 2025). Attorneys often submit affidavits from other attorneys in the relevant legal community or other support to satisfy their burden of proving that the requested rate is reasonable. *See Atlantic City v. Zemurray St. Cap., LLC*, No. 14-5169, 2022 WL 92802, at *3 (D.N.J. Jan. 10, 2022). Ultimately, courts possess "substantial discretion to determine what constitutes reasonable attorneys' fees." *Palmer*, 897 F.3d at 137.

In support of the Application, Defendant's counsel, Jonathan L. Israel, avers as to the billing rates charged by the professionals handling this matter: Mr. Israel, a partner with thirty years' experience, charges $1,075 per hour; Kevin J. Quaratino, an associate with eight years' experience, charges $700 per hour; Kelsey N. Bobrow, an associate with one year's experience, charges $495 per hour; Wendy Delvalle, a paraprofessional with twenty-nine years' experience, charges $395 per hour; and Heather Kunkel, a paraprofessional with twenty-two years' experience, charges $395 per hour. (Doc. No. 108-1 at ¶¶ 7-11). Mr. Isreal further certifies that these rates are "customary and reasonable and within the range for similar work performed" by similar attorneys at "similar firms in the region." (Doc. No. 108-1 at ¶¶ 7-9). Defendant's counsel, however, provides no other evidence to support its contention that the rates charged are reasonable and commensurate with rates customarily charged in this region for similar matters. (*See generally* Doc. No. 108).

6

Plaintiff objects to the hourly billing rates charged by Defendant's counsel, arguing that these rates "are dramatically above rates that this Court has generally found in recent years to be reasonable." (Doc. No. 109 at ECF p. 4). Plaintiff cites several cases from this District, as well as Community Legal Services of Philadelphia's ("CLS") fee schedule in support of that contention. (*See* Doc. No. 109 at ECF p. 4).

Notably, this District often cites to the CLS fee schedule as a useful guidepost in determining reasonable hourly rates in this region. *See, e.g., MCO & EA LLC v. Silver Globe, Inc.*, No. 20-17100, 2023 WL 3478466, at *4 (D.N.J. May 15, 2023) ("Courts in the Third Circuit often use the rates set by Community Legal Services in Philadelphia as a benchmark for reasonable hourly rates within the geographic bounds of the Circuit"); *Zemurray St. Cap.*, 2022 WL 92802, at *3; *Stadler v. Abrams*, No. 13-2741, 2018 WL 3617967, at *8 (D.N.J. July 30, 2018). The CLS fee schedule sets forth the following relevant rates: $735 to $850 for attorneys with more than twenty-five years' experience; $310 to $415 for attorneys with between six to ten years' experience; $235 to $260 for attorneys with two years or less experience; and $245 to $285 for senior paralegals. (Doc. No. 109, Exhibit A). There are also several cases from within this District that do not reference the CLS fee schedule but nevertheless approve rates that are consistent with or close to the ranges set forth in that schedule. *See, e.g., Jackson Hewitt, Inc. v. Sra*, No. 22-4346, 2025 WL 1170822, at *3 (D.N.J. Mar. 21, 2025) (approving up to $610 for an experienced partner); *Serv. Experts LLC v. Baxter*, No. 21-18281, 2025 WL 607026, at *2 (D.N.J. Feb. 25, 2025) (approving up to $665 for a partner, $535 for a

7

senior associate, and $410 for a junior associate); *Mister Softee Franchise LLC v. Giannos*, No. 24-2280, 2025 WL 593597, at *1 (D.N.J. Feb. 24, 2025) (approving rates of up to $600 for a partner and up to $440 for associates).

Here, the rates charged by Defendant's counsel and paraprofessionals exceed the range of rates which are often found to be reasonable within this District for comparable matters. Moreover, Defendant has not provided any evidence or justification other than a boilerplate assertion in counsel's declaration to provide the Court with a sufficient basis to approve a significant deviation from the customary rates charged in this region. (*See generally* Doc. No. 108).

Considering the experience and qualifications of the professionals involved and the nature of the work performed, alongside the rates customarily charged in this region, the Court finds that Defendant has not shown the rates charged by its professionals handling this matter to be reasonable under the applicable standard within this Circuit. Rather, based upon a review of the respective experiences of those professionals, as well as the relevant rates traditionally found reasonable in this District, the Court finds the following hourly rates to be reasonable: $850 per hour for Mr. Israel; $400 per hour for Mr. Quaratino; and $250 per hour for Ms. Bobrow, Ms. Delvalle, and Ms. Kunkel.

### B.    HOURS EXPENDED

Second, Plaintiff objects to the number of hours Defendant's counsel expended on the motion practice. Plaintiff contends that some of the work performed was of Defendant's own making by requesting formal motion practice. (*See* Doc. No. 109 at

8

ECF p. 2).  Plaintiff also argues that several of the time entries reflected in Defendant's counsel's invoices are duplicative, unnecessary, and/or excessive.  (Doc. No. 109 at ECF p. 5).  Ultimately, Plaintiff submits a spreadsheet identifying the specific entries to which he objects to and the bases thereof.  (Doc. No. 109, Exhibit B).

When considering a fee request such as this one, the Court must "decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Pub. Int. Rsch. Grp. of N.J. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995) (quoting *Hensley*, 461 U.S. at 433).  The Court may also "reduce the hours claimed by the number of hours 'spent litigating claims on which the party did not succeed and that were distinct in all respects from claims on which the party did succeed.'" *Rode*, 892 F.2d at 1183 (quoting *Institutionalized Juvs. v. Sec. of Pub. Welfare*, 758 F.2d 897, 919 (3d Cir. 1985)).

As an initial matter, while Plaintiff argues that Defendant's fees were of its own making because it requested formal motion practice, the Court disagrees.  Plaintiff initially filed what he captioned a "motion" for reconsideration on October 3, 2024, which consisted of a two-page letter seeking the Court to narrow the sanctions imposed through its March 27, 2024 Opinion.  (*See* Doc. No. 90).  Defendant objected to the letter and request and sought formal motion practice.  (*See* Doc. No. 91).  The Court ultimately ordered the parties to meet and confer and propose a schedule for the briefing of a formal motion.  (ECF No. 94).  Indeed, the Court agreed that, given the

nature of the issues presented, formal motion practice was appropriate. Accordingly, the Court declines to find the time sought by Defendant to be unreasonable on that basis.

The Court next considers Plaintiff's contention that much of the work reflected in the fee application was excessive, duplicative, and/or unnecessary. (Doc. No. 109 at ECF p. 5). Indeed, Defendant seeks to recover 153.4 hours of attorney and paraprofessional time in connection with the opposition and cross-motion for sanctions. Yet, "[c]ourts have generally found it is inappropriate to bill over one hundred hours of time for a single motion for sanctions." *Khal Anshei Tallymawr Inc. v. Twp. of Toms River*, No. 21-3239, 2025 WL 2931232, at *6 (D.N.J. Oct. 15, 2025) (citing cases). Considering such guidance, the Court considers Plaintiff's specific objections to Defendant's counsel's time expended.

Plaintiff argues that two entries on December 16, 2024 are outside the scope of what can be recouped by Defendant because they relate to administrative matters that dealt with understanding the Clerk's Office's automated notification through electronic filing of a return date for filed motions. (*See* Doc. No. 109 at ECF p. 12). Ms. Kunkel billed 0.5 hours for: "Multiple telephone calls with USDC-NJ clerks regarding motion setting date and actual briefing schedule. Email with K. Quaratino regarding same." (Doc. No. 108-2 at ECF p. 2; *see also* Doc. No. 109 at ECF p. 12). On the same date, Mr. Quaratino block billed 2.5 hours for: "Attention to court notification setting incorrect motion date; attention to analysis of and drafting outline for reconsideration

motion with cross motion for sanctions; drafting letter to Court to remedy error re motion date." (Doc. No. 108-2 at ECF p. 3; *see also* Doc. No. 109 at ECF p. 12). Indeed, Defendant did file a letter on December 23, 2024 seeking clarification as to the Clerk's Office's electronic automated notice of a return date for the filed Motion for Reconsideration. (*See* Doc. No. 101).

The Court agrees with Plaintiff. These entries were the result of apparent confusion as to the Clerk's Office's automated settings with electronic filings and are outside the scope of what reasonably can be recovered by Defendant here. Because Mr. Quaratino block-billed the December 16, 2024 entry, the Court cannot parse out how much of the 2.5 hours was for recoverable work and how much was not. As such, the Court finds that Ms. Kunkel's December 16, 2024 entry for .5 hours and Mr. Quaratino's December 16, 2024 entry for 2.5 hours are not recoverable. *See, e.g.*, *CT Install Am., LLC v. Boryszewski*, No. 22-4557, 2024 WL 4608883, at *3 (E.D. Pa. Oct. 29, 2024) (excluding an entire time entry where counsel block billed "non-recoverable time with potentially recoverable time into a single entry" because it "deprive[d] the Court of the ability to determine exactly what is and is not compensable"); *see also Rode*, 892 F.2d at 1190 (recognizing that a party "block bills at his own peril").

Next, Plaintiff challenges as duplicative and excessive two entries from Mr. Israel for "[r]eviewing transcripts" for a total of 2.5 hours and three entries from Mr. Quaratino for "[r]eviewing transcripts and creating timeline" for a total of 5.4 hours. (*See* Doc. No. 109 at ECF p. 12). The mere fact that multiple attorneys work on a

11

similar task does not mean that the work was duplicative because effective preparation and execution often requires collaboration. *See Planned Parenthood of Cent. N.J. v. Att'y Gen. of N.J.*, 297 F.3d 253, 272 (3d Cir. 2002). Nevertheless, here, the expense of a total of 7.9 hours, incurring $6,467.50 in fees, for reviewing a transcript and creating a timeline is excessive. Notably, the transcript at issue appears to be Plaintiff's second deposition that occurred on July 22, 2024, beginning at 10:35 a.m. and concluding at 3:26 p.m., with a 48-minute break and an 8-minute break, totaling approximately 235 minutes—or just under 4 hours—of testimony. (*See* Doc. No. 104-4 at 81:25-82:9, 170:14-23). That it would take two attorneys 7.9 hours to review and prepare a timeline of a transcript of less than 4 hours of testimony cannot be reasonable. As such, the Court will reduce Mr. Israel's time by 1 hour and Mr. Quaratino's time by 2.4 hours for these entries.

Plaintiff next argues that Mssrs. Israel and Quaratino spent an excessive amount of time preparing and drafting the brief in opposition to Plaintiff's Motion for Reconsideration and in support of Defendant's Cross-Motion for Sanctions. (*See* Doc. No. 109 at ECF pp. 12-14). Plaintiff objects to the total of 66.7 hours billed over 11 days to prepare the opposition and cross-motion, incurring $55,802.50 in attorney's fees. (*See* Doc. No. 109 at ECF pp. 12-14). Plaintiff specifically objects to the following time entries:

- 5.2 hours ($5,590.00 in fees) billed by Mr. Israel for reviewing and revising outline for the opposition and cross-motion and reviewing "discovery and deposition materials[;]"

- 6.8 hours ($4,760.00 in fees) billed by Mr. Quaratino for reviewing caselaw and gathering exhibits;

- 31.2 hours ($21,840.00 in fees) billed by Mr. Quaratino for drafting the brief, researching, and reviewing case law;

- 19.1 hours ($20,532.50 in fees) billed by Mr. Israel for reviewing and editing the brief; and

- 4.4 hours ($3,080.00 in fees) billed by Mr. Quaratino for reviewing and editing the brief.

(*See* Doc. No. 109 at ECF pp. 13-14). Defendant's opposition and cross-motion included a 30-page brief raising two main arguments, a declaration of counsel, and 25 exhibits. (*See* Doc. Nos. 103-104). The majority of the briefing focused on Defendant's cross-motion for further sanctions against Plaintiff.

While Defendant's opposition and cross-motion no doubt took some effort, the record does not support a finding that the expenditure of a total of 66.7 hours of attorney time is reasonable. Considering the nature of the issues presented on the opposition and cross-motion, the Court reduces these challenged entries as follows: Mr. Israel's total time of 24.3 hours is reduced to 10 hours and Mr. Quaratino's total time

13

of 42.4 hours is reduced to 20 hours. This reduction represents a reasonable expenditure of time in drafting the opposition and cross-motion.

Finally, Plaintiff objects to the total 29.6 hours billed by Mssrs. Israel and Quaratino for drafting the reply brief in further support of their cross-motion. (*See* Doc. No. 109 at ECF pp. 14-15). Plaintiff specifically challenges as excessive and/or duplicative the following time entries:

- 4 hours ($4,300.00 in fees) billed by Mr. Israel for reviewing Plaintiff's opposition and reply brief and planning for Defendant's reply on the cross-motion;

- 11.8 hours ($8,260.00 in fees) billed by Mr. Quaratino for drafting and editing Defendant's reply brief; and

- 13.8 hours ($14,835.00 in fees) billed by Mr. Isreal for revising and finalizing the reply brief.

(*See* Doc. No. 109 at ECF pp. 14-15). The substance of Defendant's reply brief on its cross-motion spanned 10.5 pages in response to Plaintiff's 11-page opposition and reply. (*See* Doc. Nos. 105 and 106). The expenditure of almost 30 hours of attorney time to draft less than 11 pages of a reply is simply not reasonable. *See, e.g.*, *Khal Anshei Tallymawr*, 2025 WL 2931232, at *6 (finding unreasonable counsel time of "nearly 30 hours to draft a ten-page (double-spaced) letter"). Rather, the Court finds the following reductions to reflect a reasonable amount of time expended by counsel for Defendant's

reply brief: Mr. Israel's time in these entries shall be reduced to a total of 10 hours and Mr. Quaratino's time in these entries shall be reduced to a total of 5 hours.

## IV.    CONCLUSION

Accordingly, for the reasons set forth above, the Court finds the following rates and hours to be reasonable and recoverable on the Application:

| PROFESSIONAL | RATE PER HOUR | HOURS | TOTAL FEES |
|---|---|---|---|
| Jonathon Israel | $850 | 31.9 | $27,115.00 |
| Kevin Quaratino | $400 | 36.5 | $14,600.00 |
| Kelsey Bobrow | $250 | 16.6 | $4,150.00 |
| Heather Kunkel | $250 | 10.3 | $2,575.00 |
| Wendy Delvalle | $250 | .4 | $100.00 |
| TOTAL FEES | | | $48,540.00 |

Therefore, for good cause shown,

IT IS on this 24th day of February 2026 hereby

ORDERED that Defendant's Application (Doc. No. 108) is hereby GRANTED IN PART and DENIED IN PART; and it is further

ORDERED that Plaintiff shall remit to Defendant a total of $48,540.00 in attorneys' fees. The parties shall meet and confer as to the timing of such payment.

Should the parties reach an impasse as to the timing of such payment, they shall raise it with the undersigned for consideration and resolution; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Application pending at Docket Entry Number 108.

**SO ORDERED**.

/s/ Rukhsanah L. Singh

**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**